

Filed
9/13/2016 4:13:29 PM
Annie Rebecca Elliott
District Clerk
Fort Bend County, Texas
Salena Jasso

CAUSE NO. **16-DCV-235406**

| | | |
|---|---|---|
| JOHN KALINEC, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ALLSTATE VEHICLE AND | § | |
| PROPERTY INSURANCE COMPANY, | § | Fort Bend County - 434th Judicial District Court |
| | § | |
| *Defendant.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff John Kalinec (hereinafter "Plaintiff" or "Kalinec"), by and through the undersigned counsel, files this *Plaintiff's Original Petition*, complaining of Allstate Vehicle and Property Insurance Company (hereinafter "Allstate") and would respectfully show this Honorable Court the following:

### I.
### DISCOVERY PLAN

1. Plaintiff intends discovery to be conducted under Level 1 of the Texas Rules of Civil Procedure, Rule 190.2.

### II.
### PARTIES

2. Plaintiff is an Individual that owns real property in Fort Bend County, Texas.

3. Defendant Allstate is an insurance company engaging in the business of insurance in the State of Texas. Allstate is a Domestic For-Profit Corporation with its principal place of business outside of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Registered Agent, C.T. Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3140. Service is hereby requested.



EXHIBIT
B-1

## III.
## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this action because Plaintiff seeks damages
     within the jurisdictional limits of this Court and because the causes of action asserted herein
     are not subject to exclusive jurisdiction in another court.

5.   This Court has jurisdiction over Defendant Allstate because this Defendant is an insurance
     company that engages in the business of insurance in Texas, and Plaintiff's causes of action
     arise out of this defendant's business activities in Texas.

6.   Venue is proper under Texas Civil Practice and Remedies Code § 15.001 *et. seq.* because
     a substantial part of the events and omissions giving rise to the claims asserted herein
     occurred in Fort Bend County, Texas. Furthermore, venue is proper in Fort Bend, County,
     Texas under Texas Civil Practice and Remedies Code § 15.032 because the insured
     property is located in this county.

## IV.
## FACTUAL BACKGROUND

7.   Plaintiff is the owner of a Texas Homeowner's Insurance policy (hereinafter referred to as
     "the Policy"), which was issued by Defendant.

8.   Allstate sold and issued Plaintiff the Policy insuring the Property against damages caused
     by hail, windstorm and other covered perils.

9.   On or about April 17, 2016, Plaintiff owned real property with improvements located at
     831 Shenandoah Falls Lane, Rosenberg, Texas 77469-4893, located in Fort Bend County
     (hereinafter referred to as "the Property").

10.   On or about April 17, 2016, the Property described above sustained severe damages to the roof due to the direct force of hail. As a result, the roof and interior of the Property sustained extensive damage.

11.   Plaintiff duly notified Allstate of the damage sustained, and asked that Defendant pay for damages to the Property and other damages covered by the terms of the Policy.

12.   Allstate then assigned Plaintiff Claim No. 0410894067 (hereinafter "the Claim").

13.   After its investigation, Allstate ultimately denied the loss, misrepresenting to Plaintiff that the roof and interior showed no evidence of damage related to the storm event, despite reasonably clear evidence of hail damage to the contrary present at all times during Allstate's investigation.

14.   As set forth below, Allstate failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiff's Claim by:

a)   Wrongfully denying Plaintiff's Claim for full repairs to the Property even though the Policy provides coverage for losses such as those Plaintiff is claiming;

b)   Underpaying some of Plaintiff's Claim by not providing full coverage for damages sustained to the Property;

c)   Improperly and inadequately scoping the damages to the Property during Defendant's investigation; and

d)   Continuing to delay in the payment of damages to the Property, including the roof and contents.

15.   Additionally, Allstate breached its contractual obligation to Plaintiff by continuing to refuse to adequately compensate Plaintiff for the damage to the Property pursuant to the terms of the Policy. Notably, Allstate refused to pay for the proceeds of the Policy despite the fact pre-suit demand for payment in an amount sufficient to cover the damage to the Property was made.

16. Plaintiff complied with all obligations under the Policy, and all conditions precedent to recovery upon the Policy are satisfied.

17. Allstate continues to delay in the payment of the damage to the Property despite Plaintiff's requests. Accordingly, Plaintiff has still not been paid in full for the damages to the Property.

18. As a result of Allstate's wrongful acts and omissions, Plaintiff was forced to retain legal counsel to represent Plaintiff with respect to these causes of action.

## V.
## CAUSES OF ACTION

### BREACH OF CONTRACT

19. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

20. Although Plaintiff fully cooperated with Allstate, and despite the fact that all conditions precedent to recovery have been performed, waived, excused, or otherwise satisfied, Allstate has failed and refused to pay to Plaintiff the benefits due under the Policy/contract of insurance in question, which was in full force and effect at the time of the occurrence which forms the basis of this lawsuit.

21. Plaintiff has been required by the actions of Allstate to retain the services of undersigned counsel and has agreed to pay undersigned counsel reasonable attorney's fees.

22. Allstate's breach proximately caused Plaintiff's injuries and damages.

### UNFAIR SETTLEMENT PRACTICES

23. Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

- 4 -

24.     Allstate violated TEX. INS. CODE § 541.060(a) by engaging in unfair settlement practices
        during the handling of the claim.  All of Allstate's violations are actionable pursuant to
        TEX. INS. CODE § 541.151.

25.     Allstate engaged in the following unfair settlement practices:

        a)      Pursuant to TEX. INS. CODE § 541.060(a)(1), misrepresenting to Plaintiff material
                facts or Policy provisions relating to the coverage at issue by indicating that the
                damage to the Property was not covered under the Policy even though it was
                reasonably clear that the damage was caused by a covered peril.

        b)      Pursuant to TEX. INS. CODE § 541.060(a)(2)(A), failing to attempt in good faith to
                effectuate a prompt, fair, and equitable settlement of the Claim, even though
                Allstate's liability under the Policy was reasonably clear.  Specifically, Allstate
                failed to make an attempt to settle the Claim fairly despite the fact that Allstate was
                aware of its liability to Plaintiff under the Policy.

        c)      Pursuant to TEX. INS. CODE § 541.060(a)(3), not promptly providing the
                policyholder with a *reasonable* explanation for the denial of the claim.
                Specifically, Allstate Vehicle and Property Insurance Company's claim
                explanation was unreasonable in that it misrepresented the true scope and amount
                of the claim despite the fact that it was reasonably clear at all times during Allstate's
                claim investigation that full coverage should be extended for damages to the
                property due to hail.

        d)      Pursuant to TEX. INS. CODE § 541.060(a)(7), refusing to pay Plaintiff's Claim
                without conducting a *reasonable* investigation with respect to the Claim.  Allstate's
                outcome-oriented investigation of the Claim resulted in an unfair evaluation of the
                damage to Plaintiff's Property.

26.     Each of the foregoing unfair settlement practices was committed with knowledge by
        Allstate, and was a producing cause of Plaintiff's injuries and damages.

**MISREPRESENTATION OF INSURANCE POLICY VIOLATIONS**

27.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing
        paragraphs.

- 5 -

28.     Additionally, Allstate's made misrepresentations about Plaintiff's insurance policy and claim in violation of TEX. INS. CODE § 541.061. All of Allstate's violations are actionable pursuant to TEX. INS. CODE § 541.151.

29.     Allstate engaged in deceptive insurance practices by making an untrue statement of material fact in violation of § 541.061(1). Specifically, Allstate represented that Plaintiff's property damages were not covered under the policy, even though Plaintiff's property damage was the result of a peril covered under the policy.

30.     Each of the foregoing unfair settlement practices was committed with knowledge by Allstate, and was a producing cause of Plaintiff's injuries and damages.

**PROMPT PAYMENT OF CLAIMS VIOLATIONS**

31.     Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

32.     Plaintiff's Claim is a claim under the insurance Policy issued by Allstate, of which Plaintiff gave Allstate proper notice. As set forth more fully below, Allstate's conduct constitutes a violation of the Texas Prompt Payment of Claims Statute, which is made actionable by TEX. INS. CODE § 542.060.

33.     Specifically, Allstate violated the Prompt Payment of Claims provisions of TEX. INS. CODE § 542 by delaying payment of the Claim following Allstate's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by TEX. INS. CODE § 542.058. Specifically, Allstate delayed full payment of the Claim and, to date, Plaintiff has still not received any payment on this Claim.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING/BAD FAITH

34.    Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing
        paragraphs.

35.    Since Plaintiff initially presented the Claim to Allstate, the liability of Allstate to pay the
        full claim in accordance with the terms of the Policy was reasonably clear. The hail damage
        to the property was at all times reasonably clear during Defendant's claim investigation,
        such that any adjuster or insurance carrier acting in good faith would know or should have
        known to acknowledge and accept coverage for such damages.    Instead, Defendant
        purposely failed to acknowledge and accept full coverage for reasonably clear hail damage.
        Alternatively, Defendant was grossly negligent in failing to acknowledge and accept full
        coverage for the reasonably clear hail damages to the property.

36.    As a result of Allstate's outcome-oriented investigation, Allstate continues to refuse to pay
        Plaintiff in full for the Claim.

37.    Allstate denied coverage and delayed payment for the full amount of Plaintiff's claim when
        it had no reasonable basis for doing so. Allstate knew or should have known by the exercise
        of reasonable diligence that its liability was reasonably clear, and its failure, as set forth
        above, to adequately and reasonably investigate and evaluate Plaintiff's Claim, constitutes
        a breach of the duty of good faith and fair dealing.

### VI.
### KNOWLEDGE

38.    Plaintiff incorporates by reference all facts and circumstances set forth under the foregoing
        paragraphs.

- 7 -

39.   Each of the acts as set forth in each of the afore-mentioned causes of action, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiffs' damages described herein.

## VII.
## DAMAGES

40.   Plaintiff would show that all of the aforementioned acts, taken together or independently, establish the producing causes of the damages sustained by Plaintiff.

41.   Plaintiff's damages have yet to be fully addressed or repaired since the incident, causing further damage to the Property and causing undue burden to Plaintiff. Upon trial of this case, it will be shown that these damages are a direct result of Allstate's improper handling of the Claim in violation of the laws set forth above.

42.   For the breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the Claim, together with attorneys' fees.

43.   As a result of the noncompliance with the Texas Insurance Code Unfair Settlement Practices provisions, Plaintiff is entitled to actual damages, which includes the loss of the contractual benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For Defendants' knowing conduct in violating these laws, Plaintiff respectfully requests treble damages pursuant to TEX. INS. CODE § 541.152.

44.   Pursuant to TEX. INS. CODE § 542.060, as a result of the noncompliance with the Texas Insurance Code Prompt Payment of Claims provisions, Plaintiff is entitled to the entire amount of the Claim, eighteen (18) percent interest per annum on the amount of the Claim and reasonable and necessary attorneys' fees.

45.     For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Allstate's breach, exemplary damages, and damages for emotional distress.

46.     As a result of the necessity in engaging the services of an attorney to prosecute this claim, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

47.     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff is seeking only monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

## VIII.
## JURY DEMAND

48.     Plaintiff hereby requests that all causes of action alleged herein be tried before a jury, and hereby tenders the appropriate jury fee.

## IX.
## REQUEST FOR DISCLOSURE

49.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant disclose the information or material described in Rule 194.2.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that upon trial hereof, final judgment be rendered for Plaintiff as follows:

1)      Judgment against Defendant for actual damages, including mental anguish, in an amount to be determined by the jury;

2)      Statutory penalties;

3)      Treble damages;

- 9 -

4)   Exemplary and punitive damages;

5)   Prejudgment interest as provided by law;

6)   Post-judgment interest as provided by law;

7)   Attorneys' fees;

8)   Costs of this suit; and

9)   Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE LANE LAW FIRM, P.L.L.C.**

By: */s/ Robert C. Lane*
Robert C. Lane
State Bar No. 24046263
chip.lane@lanelaw.com
Jack Kitchen
State Bar No. 24084320
jack.kitchen@lanelaw.com
6200 Savoy Drive, Suite 1150
Houston, Texas 77036
(713) 595-8200 – Telephone
(713) 595-8201 – Facsimile
**ATTORNEYS FOR PLAINTIFF**